UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 13-2546

UNITED STATES,

vs.

TRISTAN GREEN,
Appellant,

BRIEF FOR APPELLANT

Appeal from the Judgment of Sentence entered in this matter on
May 29, 2013, by the Honorable Christopher C. Conner, Judge,
United States District Court of the Middle District of Pennsylvania
at Docket Number 1:12-CR-0009-CCC

John A. Abom, Esquire
Counsel for Appellant
Abom & Kutulakis, L.L.P.
2 W. High Street
Carlisle, PA 17013
(717) 249-0900
(717) 249-3344 (fax)
JAA@abomkutulakis.com
I.D. No. 77961

1

# TABLE OF CONTENTS

Page

Table of Authorities..................................................................................iii-v

I.  Statement of Jurisdiction .................................................................1

II.  Statement of the Issues .....................................................................2

III.  Statement of Standard and Scope of Review ...............................3

III.  Statement of the Case.......................................................... 4-5

IV.  Statement of Facts ..................................................................... 6-7

V.  Statement of Related Cases & Proceedings............................8

VI.  Summary of Argument....................................................... 9-10

VII.  Argument.........................................................................11-17

VIII.  Conclusion.......................................................................18

Certificate of Bar Membership..................................................19

Certificate of Word Count .........................................................20

Certificate of Virus Check .........................................................21

Certificate of Verification ..........................................................22

Certificate of Service .................................................................23

# TABLE OF AUTHORITIES

<u>Cases:</u>                                                                                                    <u>Page</u>

### United States Supreme Court

*Huddleson v. United States,*
485 U.S. 681, 691-92, 108 S.Ct. 1496 (1988).....................................................................13

*Zafiro v. United States,*
506 U.S. 534, 113 S.Ct. 933 (1968)...................................................................................11

### United States Court of Appeals, Second Circuit

*United States v. Carlton,*
534 F.3d 97 (2d Cir. 2008).................................................................................................14

### United States Court of Appeals, Third Circuit

*Govt. of the V.I. v. Pinney,*
967 F.2d 912 (3d Cir. 1992) ..............................................................................................11

*United States v. Carter,*
576 F.2d 1061 (3d Cir. 1978) ............................................................................................11

*United States v. Davis,*
397 F.2d 173 (3d Cir. 2005) ..............................................................................................11

*United States v. DeLarosa,*
450 F.2d 1057 (3d Cir. 1971), *cert. denied,*
405 U.S. 927, 92 S.Ct. 978, 30 L.Ed.2d 800 (1972)...........................................................3

*United States v. Givan,*
320 F.3d 452 (3d Cir. 2003) ..............................................................................................12

*United States v. Gorecki,*
813 F.2d 40 (3d Cir. 1987)...................................................................................................3

*United States v. Green,*
617 F.3d 233 (3d Cir. 2010) ..............................................................................................13

*United States v. McGlory,*
968 F.2d 309 (3d Cir. 1992) .................................................................3

*United States v. Sampson,*
980 F.2d 883 (3d Cir. 1992) ...............................................................14

*United States v. Somers,*
496 F.2d 723 (3d Cir. 1974) ...............................................................12

## United States Court of Appeals, Fourth Circuit

*United States v. Jamar,*
561 F.2d 1103 (4th Cir. 1977) ............................................................11

## United States Court of Appeals, Fifth Circuit

*United States v. Goodwin,*
492 F.2d 1141 (5th Cir. 1974) ............................................................14

*United States v. Myers,*
550 F.2d 1036 (5th Cir. 1977) ............................................................14

## United States Court of Appeals, Seventh Circuit

*United States v. Coleman,*
22 F.3d 126 (7th Cir. 1994)................................................................12

*United States v. Garner,*
837 F.3d 1404 (7th Cir. 1987) ............................................................16

*United States v. Seals,*
419 F.3d 600 (7th Cir. 2005)..............................................................14

## United States Court of Appeals, Ninth Circuit

*United States v. Luna,*
21 F.3d 874 (9th Cir. 1994)................................................................14

## Statutes and Rules:

## United States Code

18 U.S.C. § 924(c) ..................................................................................5

18 U.S.C. § 2113 ...................................................................................5

## Federal Rules of Criminal Procedure

Fed.R.Crim.P. 8(a) ..............................................................................11

Fed.R.Crim.P. 14(a) ............................................................................16

## Federal Rules of Evidence

Fed.R.Evid. 403. ..................................................................................13

Fed.R.Evid. 404(b). ....................................................................9, 13, 15

# I. <u>STATEMENT OF JURISDICTION</u>

## A. Subject Matter Jurisdiction

The District Court had subject matter jurisdiction under 18 U.S.C.A. § 3231 ("The district courts of the United States shall have original jurisdiction . . . of all offenses against the laws of the United States").

## B. Appellate Jurisdiction

Appellant filed a Notice of Appeal on May 30, 2013 (App. 1-2), from the final order of the United States District Court for the Middle District of Pennsylvania, Conner, J., entering a Judgment of Sentence on May 29, 2013. (App. 3-8).

This Court has appellate jurisdiction under 28 U.S.C.A. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . .") and 18 U.S.C.A. § 3742(a) (A defendant may file a notice of appeal . . for review of an otherwise final sentence if the sentence (1) was imposed in violation of law;").

## II.    STATEMENT OF THE ISSUES

**THE HONORABLE DISTRICT COURT ERRED AND COMMITTED AN ABUSE OF DISCRETION WHEN IT DENIED APPELLANT'S MOTION FOR SEVERANCE OF COUNTS BECAUSE THE ALLEGED CRIMES WERE NOT OF THE SAME OR SIMILAR CHARACTER AND JOINDER CAUSED APPELLANT TO SUFFER SUBSTANTIAL PREJUDICE**

This claim of error is preserved for appeal by way of pre-trial motion.  (App. 21-25).

2

### III. STATEMENT OF STANDARD AND SCOPE OF REVIEW

A trial court's denial of severance is reviewed for abuse of discretion. *United States v. McGlory*, 968 F.2d 309 (3d Cir. 1992), *United States v. Gorecki*, 813 F.2d 40 (3d Cir. 1987). Even if the trial court abused its discretion in denying a pre-trial severance motion, a defendant must pinpoint clear and substantial prejudice resulting in an unfair trial; it is not enough to show that severance would have increased defendant's chances of acquittal. *McGlory.* "[T]he primary consideration is whether the jury can reasonably be expected to compartmentalize the evidence as it relates to separate defendants...." *United States v. DeLarosa*, 450 F.2d 1057, 1065 (3d Cir. 1971), *cert. denied*, 405 U.S. 927, 92 S.Ct. 978, 30 L.Ed.2d 800 (1972).

## IV. <u>STATEMENT OF THE CASE</u>

A Superseding Indictment was filed on August 29, 2012. Appellant, Tristan Green was charged with Armed Bank Robbery and Use of a Firearm During a Crime of Violence stemming from incidents alleged to have occurred on September 20, 2007 at a Heritage Valley Credit Union branch in York Pennsylvania, on November 14, 2007 at a Sovereign Bank branch in York Pennsylvania, and on December 6, 2007 at a Sovereign Bank branch in Harrisburg, Pennsylvania. (App. 11-20).

Appellant filed pre-trial Motion for Severance, seeking an order from the district court prohibiting the Government from prosecuting any incident and the charges relating to it with any other unrelated incident in the Indictment[1]. (App. 21-25). The district court denied the motion, ruling the different charges to be "sufficiently distinct and discrete that the jury will be able to compartmentalize the evidence against [Appellant] and his co-defendants." (App. 9-10).

The matter proceeded to jury trial with Appellant and co-defendant Jamal Stubbs as joint trial defendants, the remaining defendants having entered guilty pleas. At the conclusion of trial, Appellant was convicted of three (3) counts of Armed Bank

---

1 Appellant also sought severance of counts of the Superseding Indictment where he was not a co-defendant as prejudicial. Because the counts not relating to Appellant were not jointly tried, the issue became moot.

4

Robbery[2] and three (3) counts of Use of a Firearm During a Crime of Violence[3]. (App. 3). Sentencing followed on May 29, 2013. The district court sentenced Appellant to an aggregate term of 1030 months incarceration. (App. 4). Appellant filed a timely Notice of Appeal on May 30, 2013. (App. 1-2).

---

2 In violation of 18 U.S.C. § 2113(a) and (d).

3 In violation of 18 U.S.C. § 924(C)(1)(c).

# V. STATEMENT OF FACTS

On September 20, 2007, a Heritage Valley Credit Union located at 777 Kings Mill Road, York, Pennsylvania was robbed by masked African-American men brandishing firearms. (App. 33-35, 50). The perpetrators successfully absconded with approximately $182,110 of United States currency, which was not recovered. (App. 63, 516).

On November 14, 2007, a Sovereign Bank branch at 1442 Bannister Road, York, Pennsylvania was robbed by masked African-American men brandishing firearms. (App. 71-73, 79, 102-03). The perpetrators fled with approximately $35,063 of United States currency. (App. 516). However, backpacks were recovered containing most of the currency after the backpacks were discarded while in flight from the bank. (App. 119-22, 126-28, 143-45). The backpacks were apparently discarded because of the discharge of "dye packs" within the currency. (App. 143-45). Two days before the robbery, on November 12, 2007, two African-American men purchased backpacks from a Wal-mart retail store in York, per store surveillance footage. The backpacks purchased were of similar manufacturer, color and Universal Product Code ("UPC") as the recovered backpacks containing stolen currency. (App. 141-52). It was alleged that one of the men purchasing the backpacks was Appellant. (App. 274).

On December 6, 2007, a Sovereign Bank branch at 519 South 29th Street,

Harrisburg, Pennsylvania was robbed by unidentified African-American men brandishing firearms and a purported bomb. (App. 157-62, 169, 179). The perpetrators successfully absconded with approximately $29,258 of United States currency, which was not recovered. (App. 516).

## VI. <u>STATEMENT OF RELATED CASES & PROCEEDINGS</u>

Co-defendant Jamael Stubbs filed a Notice of Appeal to this Court on June 3, 2013. The appeal remains pending at docket 13-2638.

## VII. <u>SUMMARY OF ARGUMENT</u>

**THE HONORABLE DISTRICT COURT ERRED AND COMMITTED AN ABUSE OF DISCRETION WHEN IT DENIED APPELLANT'S MOTION FOR SEVERANCE OF COUNTS BECAUSE THE ALLEGED CRIMES WERE NOT OF THE SAME OR SIMILAR CHARACTER AND JOINDER CAUSED APPELLANT TO SUFFER SUBSTANTIAL PREJUDICE**

Pursuant to Fed.R.Crim.P. 8, Appellant sought separate trials for each of the three (3) bank robbery incidents for which he was accused on grounds each of the incidents were not part of the same conspiracy, of the same or similar character nor based on the same act or transaction as one another. The district court erred in the denial of severance because the three (3) bank robbery incidents were distinct from one another in timeframe, means of the offense, degree of success and the strength of the evidence against Appellant to prove his involvement. Furthermore, evidence regarding only one the three robberies would be inadmissible at trial of the other two, in the event separate trials were granted, because the Government did not articulate a proper chain of inferences under Federal Rule of Evidence 404(b) which would render such evidence relevant and admissible. Accordingly, separate trials should have been granted

Even if the allegations were of the same or similar character or based on the same act or transaction, the district court erred and abused its discretion when it denied Appellant's severance as requested pursuant to Federal Rule of Criminal

Procedure 14. Appellant did incur substantial prejudice due to the presentation of evidence supporting only one robbery but not the other two because the cumulative effect of such evidence tended to support an inference of poor character or criminal propensity. Similarly, the presentation of the Government's strongest evidentiary case against Appellant, likely the November bank robbery, in concert with evidence regarding the September and December robberies caused substantial prejudice. The stronger evidence likely relieved concerns in jurors' minds regarding the credibility of the Government's primary witnesses, two of Appellant's co-defendants with extensive histories of violent crime.

## VIII. ARGUMENT

**THE HONORABLE DISTRICT COURT ERRED AND COMMITTED AN ABUSE OF DISCRETION WHEN IT DENIED APPELLANT'S MOTION FOR SEVERANCE OF COUNTS BECAUSE THE ALLEGED CRIMES WERE NOT OF THE SAME OR SIMILAR CHARACTER AND JOINDER CAUSED APPELLANT TO SUFFER SUBSTANTIAL PREJUDICE**

a.   Joinder of Counts Relating to Separate Bank Robberies and Denial of Severance Was in Error.

Federal Rule of Criminal Procedure 8(a) permits joint trial only "if the offenses charged…are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." **F.R.Crim.P. 8(a)**. "Ordinarily, when courts speak of 'common plan or scheme,' they are referring to a situation in which the [charged or uncharged acts] are parts of a single series of events." *Govt. of the V.I. v. Pinney*, 967 F.2d 912 (3d Cir. 1992).

Judicial and prosecutorial economy favors joint or consolidated trials. *Zafiro v. United States*, 506 U.S. 534, 113 S.Ct. 933 (1993), **United *States v. Davis***, 397 F.3d 173 (3d Cir. 2005). However, where the counts require separate evidence or separate witnesses, joinder provides only minimal judicial convenience. *United States v. Jamar*, 561 F.2d 1103 (4th Cir. 1977). The basic inquiry in determining whether the counts of an indictment are separate from one another is whether proof of one offense requires additional fact(s) that other offense, do not necessitate. *United States v. Carter*, 576 F.2d 1061 (3d Cir. 1978). Where conspiracy is alleged

11

in good faith, all counts of an indictment representing overt acts in furtherance of the conspiracy may be jointly tried because the conspiracy is a common link. ***United States v. Somers***, 496 F.2d 723 (3d Cir. 1974).

The question of severance turns on a determination pursuant to Federal Rule of Evidence 404(b); if evidence regarding one count would be admissible for a legitimate 404(b) purpose (such as showing common plan or scheme or *modus operandi*) at a separate trial regarding a different count, judicial economy favors a joint trial rather than repetitious presentation of the same evidence at separate trials. Conversely, if evidence regarding one count would not be admissible under 404(b) at trial of a separate count, a defendant will incur undue prejudice by presentation of such evidence of other crimes or bad acts. Joinder does not cause prejudice if it results in the admission of evidence that was otherwise admissible under Fed.R.Evid 404(b). ***United States v. Givan***, 320 F.3d 452 (3d Cir. 2003), ***United States v. Coleman***, 22 F.3d 126 (7th Cir., 1994).

In the case *sub judice,* the bank robberies were not of similar character, part of a common plan or scheme or represent the same act or transaction. The Indictment alleges no count of conspiracy. Rather, the incidents are distinct from one another in timeframe, means of the offense, degree of success of the offense and the strength of evidence to prove Appellant's involvement. Having occurred within different months and at different locations, each robbery required proof of facts which the others did

not.

Had separate trials been granted, much of the evidence presented to prove one set of counts of the Indictment would have been irrelevant and inadmissible under Rule 404(b) at trial regarding the other incidents.  Most significantly, retail store surveillance imagery was admitted into evidence which purported to show Appellant and a co-defendant purchasing backpacks on November 12, 2007.  (App., 141-52, 274).  Those backpacks were then allegedly used to carry stolen currency from Sovereign Bank on November 14, 2007, but were recovered by law enforcement after being discarded by the perpetrators.  (App. 119-28).  This evidence was certainly relevant to the November 14th robbery, but in separate trials would not have been admissible to prove Appellant's guilt in the September and December robberies because there existed no proper 404(b) purpose to make this evidence admissible at separate trials regarding the other two robberies.

Admission of evidence pursuant to Rule of Evidence 404(b) is subject to a four-part test.  Prior-acts evidence is admissible only if it is (1) offered for a proper purpose under 404(b)(2); (2) is relevant to that purpose; (3) sufficiently probative under the Rule 403 balancing test; and (4) accompanied by a limiting instruction, if requested.  *Huddleson v. United States*, 485 U.S. 681, 691-92, 108 S.Ct. 1496 (1988), *United States v. Green*, 617 F.3d 233, 249 (3d Cir. 2010).  In criminal cases where the evidence is proffered by the Government, it must explain how prior-acts

13

evidence fits into a logical chain of inferences, no link of which is an inference of criminal propensity or poor character. ***United States v. Sampson***, 980 F.2d 883, 887 (3d Cir. 1992).

When other acts evidence is proffered to show identity, the evidence is only relevant if "it bears such a high degree of similarity as to mark it as the handiwork of the accused." ***United States v. Goodwin***, 492 F.2d 1141, 1154 (5th Cir. 1974). A district court is required to look at all of the similarities together and determine whether a distinct pattern has been established. ***United States v. Carlton***, 534 F.3d 97, 101-02 (2d Cir. 2008). In the context of bank robbery prosecutions, similarities common to many bank robberies, such as use of a disguise, gun and bag to carry currency are standard bank robber accessories and not sufficiently similar to reliably prove identity. ***See, United States v. Seals***, 419 F.3d 600, 607 (7th Cir. 2005)("Many robbers disguise their identities, carry firearms, and use a stolen vehicle in their getaway."), ***United States v. Luna***, 21 F.3d 874, 881 (9th Cir. 1994)(common bank robbery components such as the use of guns, masks, gloves, bags, loud entry, profanity, and abuse of bank employees are too generic of features to establish sufficient similarity as to be reliable evidence of identity), ***United States v. Myers***, 550 F.2d 1036, 1046 (5th Cir. 1977), (similarities including (1) that both crimes were bank robberies; (2) were perpetrated between two and three o'clock in the afternoon; (3) the victimized bank was on the outskirts of town; (4) the victimized bank was

14

adjacent to a major highway; (5) the perpetrators used a revolver type gun; (6) the
perpetrators furnished their own bag for carrying the proceeds; (7) the perpetrators
wore gloves; and (8) the perpetrators wore masks crudely fashioned from nylon
stockings, taken together meant virtually nothing as common components of many
armed bank robberies).

In the case *sub judice*, no proper chain of inferences flowing from the retail
surveillance evidence could be made to support a proper 404(b)(2) purpose.  If the
jury believed Appellant was in fact one of the men purchasing backpacks, and those
same backpacks were recovered following the robbery, these inferences support
Appellant's guilt only as to the November robbery.  Based on the previously-cited
case law regarding bank robbery characteristics, inferring identity of the perpetrators
of the September and December robberies from this evidence is not permissible per
Fed.R.Evid. 404(b) for lack of sufficient similarity.  Had more than one of the
robberies occurred by a distinctive means or with a distinctive characteristic, evidence
to show identity of the perpetrators of one robbery would be properly admissible at
trial of all other robberies involving the same distinctive means or characteristic.
However, there is not a sufficient degree of factual similarity or distinctiveness to
conclude the same person(s) committed all three robberies.  While the robberies
occurred by similar means, the above-cited case law recognize that most armed bank
robberies have certain common elements and these elements alone do not satisfy

15

404(b) to show identity. Accordingly, the evidence fails to meet the first and second[4]

prongs of the test articulated in **Green**.

### b.    Even if Joinder Was Proper, Denial of Separate Trials Caused Substantial Prejudice to Appellant.

Even when joinder of counts is compliant with Rule 8(a), Rule 14 permits a

district court to order separate trials on separate counts where joinder of counts for

trial "appears to prejudice a defendant or the government." **F.R.Crim.P. 14(a),**

**United States v. Garner,** 837 F.2d 1404 (7th Cir. 1987). Even if abuse of discretion

occurred in denying pre-trial severance, a defendant must pinpoint clear and

substantial prejudice which caused an unfair trial. **McGlory,** *supra.*

Joint trial of the three bank robberies caused Appellant to incur substantial

prejudice. By consolidating all counts for joint trial, the Government was permitted

to present its strongest evidentiary case, the November 14th robbery, along with

weaker cases. There is a significant risk the Jury considered evidence of Appellant's

involvement in the strongest case of the three, inferred Appellant to be of criminal

propensity or poor character and thus were more inclined to convict of the counts

supported by weaker evidence.

This prejudice was clear and substantial because evidence of Appellant's

---

4 The district court did provide an instruction regarding separate consideration of the
evidence regarding each offense. (App. 519). As such, the fourth prong is met.

involvement in the September and December robberies consisted of the testimony of cooperating co-defendants Nijul Alexander and Jami Shabbaz, each of whom have extensive histories of violent crime, including Felon in Possession of a Firearm, multiple robberies, Theft by Receiving Stolen Property, Aggravated Assault and Forgery. (App. 247-49, 290-93, 421-). Both Alexander and Shabbaz were stipulated to each be facing mandatory minimum prison sentences in excess of 100 years if convicted of charges of Armed Bank Robbery and Use of a Firearm During a Crime of Violence, which were pending at time of trial. However, per plea agreement and because of his cooperation, Shabbaz instead faced a mandatory minimum sentence of 7 years plus up to 25 additional years. (App. 298-300, 424-25). Alexander per plea agreement and because of his cooperation instead faced a 7 year mandatory minimum consecutive sentence plus up to 25 additional years. (App. 152-54).

The retail surveillance evidence provided independent corroboration of the testimony of Shabbaz and Alexander only regarding November robbery. However, in the mind of a juror, corroboration as to only one robbery may have relieved concerns about the credibility of Alexander and Shabbaz, resulting in conviction for all three robberies. Such relief of concern would not have occurred in separate trials. Accordingly, even if the denial of severance was proper pre-trial, Appellant did incur clear and substantial prejudice as a result of the consolidated trial.

17

## IX. <u>CONCLUSION</u>

WHEREFORE, based upon the foregoing Brief, Appellant respectfully requests that This Honorable Court vacate judgment of sentence and trial verdict and remand this case for new, separate trials.

By:     /s/ John A. Abom, Esquire
        John A. Abom, Esquire
        Counsel for Appellant
        ABOM & KUTULAKIS, L.L.P.
        2 W. High Street
        Carlisle, PA  17013
        (717) 249-0900
        (717) 249-3344 (fax)
        JAA@abomkutulakis.com
        I.D. No. 77961

Dated: 8/28/2013

18

## CERTIFICATE OF BAR MEMBERSHIP

I, John A. Abom, Esq., of Abom & Kutulakis, L.L.P., certify that I am a

member in good standing of the bar of this Court, and that I make this certification

under penalty of perjury, pursuant to 28 U.S.C.A. § 1746.


By:     /s/ John A. Abom, Esquire
John A. Abom, Esquire
2 W. High Street
Carlisle, PA 17013
(717) 249-0900
(717) 249-3344 (fax)
JAA@AbomKutulakis.com
I.D. No. 77961


Dated: 8/28/2013

19

## <u>CERTIFICATE OF WORD COUNT</u>

I, John A. Abom, Esq., of Abom & Kutulakis, L.L.P., certify that the word

count on this brief is 3,302 words and that I make this certification under penalty of

perjury pursuant to 28 U.S.C.A. § 1746.


By:     <u>/s/ John A. Abom, Esquire</u>
John A. Abom, Esquire
2 W. High Street
Carlisle, PA 17013
(717) 249-0900
(717) 249-3344 (fax)
<u>JAA@AbomKutulakis.com</u>
I.D. No. 77961


Dated: 8/28/2013

## <u>CERTIFICATE OF VIRUS CHECK</u>

I, John A. Abom, Esq., of Abom & Kutulakis, L.L.P. certify that a virus check

was performed on this document utilizing Symantec Anti-Virus Corporation Edition,

Program 8.1.0.825.

By:   <u>/s/ John A. Abom, Esquire</u>
John A. Abom, Esquire
2 W. High Street
Carlisle, PA 17013
(717) 249-0900
(717) 249-3344(fax)
<u>JAA@AbomKutulakis.com</u>
I.D. No. 77961

Dated:  8/28/2013

## <u>CERTIFICATE OF VERIFICATION</u>

I, John A. Abom, Esq., of Abom & Kutulakis, L.L.P. verify that the PDF file

and Hard Copies of the brief for the Appellant are identical.

By:    <u>/s/ John A. Abom, Esquire</u>
John A. Abom, Esquire
2 W. High Street
Carlisle, PA 17013
(717) 249-0900
(717) 249-3344(fax)
JAA@AbomKutulakis.com
I.D. No. 77961

Dated:  8/28/2013

## CERTIFICATE OF SERVICE

On the 28th day of August, 2013, I certify that I am serving a copy of the foregoing Brief for Appellant and Appendix via electronic and first class mail:

Daryl F. Bloom, Esquire
U.S. Attorney's Office
Ronald Reagan Federal Building
228 Walnut Street, Suite 220
Harrisburg, PA 17108
Daryl.Bloom@usdoj.gov

Tristan Green, #16058-067
USP LEE
U.S. PENITENTIARY
P.O. BOX 305
JONESVILLE, VA 24263

Clerk of Courts
United States Court of Appeals
For the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106-1790
electronicbriefs@ca3.uscourts.gov

/s/ John A. Abom, Esquire
John A. Abom, Esquire
Counsel for Appellant
ABOM & KUTULAKIS, L.L.P.
2 W. High Street
Carlisle, PA 17013
(717) 249-0900
(717) 249-3344 (fax)
JAA@AbomKutulakis.com
I.D. No. 77961

23