# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

No.   13-2546

## UNITED STATES OF AMERICA,
Appellee

v.

## TRISTAN GREEN,
Appellant

## APPEAL FROM A JUDGMENT AND SENTENCE ENTERED IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA AT 1:12-CR-0009
(Conner, J.)

## BRIEF OF APPELLEE

PETER J. SMITH
United States Attorney

STEPHEN R. CERUTTI II
Chief, Criminal Appeals
United States Attorney's Office
Middle District of Pennsylvania
Ronald Reagan Federal Building
Suite 220
228 Walnut Street
Harrisburg, Pennsylvania  17108
717-221-4482
Attorneys for Appellee

# TABLE OF CONTENTS

PAGE

STATEMENT OF SUBJECT MATTER AND
    APPELLATE JURISDICTION ........................... 1

STATEMENT OF THE ISSUE
    AND THE STANDARD OF REVIEW .................... 2

STATEMENT OF THE CASE ............................... 3

STATEMENT OF FACTS .................................. 4

STATEMENT OF RELATED CASES AND PROCEEDINGS ....... 10

SUMMARY OF ARGUMENT ............................... 11

ARGUMENT ........................................... 12

       The district court did not abuse its discretion in
       denying Green's pre-trial motion to sever the counts
       contained in the indictment against him and Green
       Suffered no substantial prejudice as a result of that
       denial ......................................... 12

       a.    Rule 8 joinder of Green's offenses ............... 12

       b.    Rule 14 severance of Green's offenses ........... 16

CONCLUSION ......................................... 21

CERTIFICATE OF BAR MEMBERSHIP / VIRUS SCAN
    CERTIFICATE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

## FEDERAL CASES                                    PAGE

*Pinkerton v. United States,*
    328 U.S. 640 (1946) .............................................................. 14

*Richardson v. Marsh,*
    481 U.S. 200 (1987) .............................................................. 19

*United States v. DeLarosa,*
    450 F.2d 1057 (3d Cir.1971) ............................................... 18

*United States v. Dominguez,*
    226 F.3d 1235 (11th Cir.2000) ........................................... 13

*United States v. Eufrasio,*
    935 F.2d 553 (3d Cir. 1991) ............................................... 17

*United States v. Gorecki,*
    813 F.2d 40 (3d Cir.1987) .................................................. 13

*United States v. Hayes,*
    861 F.2d 1225 (10th Cir. 1988) .......................................... 17

*United States v. Heilman,*
    377 Fed. App'x 157 (3d Cir. 2010) ..................................... 18

*United States v. Irizarry,*
    341 F.3d 273 (3d Cir. 2003) ..................................... 2, 13, 15

*United States v. Lore,*
    430 F.3d 190 (3d Cir. 2005) ........................................ 2, 19

*United States v. McGlory,*
    968 F.2d 309 (3d Cir. 1992) ........................................ 16, 17

*United States v. Reicherter,*
    647 F.2d 397 (3d Cir.1981) .......................................... 16, 18

*United States v. Sandini,*
    888 F.2d 300 (3d Cir.1989) ................................................. 13

*United States v. Shaw,*
    476 Fed. App'x. 970 (3d Cir. 2012) ..................................... 15

*United States v. Somers,*
    496 F.2d 723 (3d Cir. 1974) ................................................ 13

*United States v. Thomas,*
    610  F.2d 1166 (3d Cir.1979) .............................................. 18

*United States v. Torres,*
    251 Fed. App'x. 763 (3d Cir. 2007) ..................................... 15

*United States v. Urban,*
    404 F.3d 754 (3d Cir. 2005) ................................................. 2

*United States v. Walker,*
    657 F.3d 160 (3d Cir.2011) ................................................ 19

*Zafiro v. United States,*
    506 U.S. 534 (1993) ....................................................... 16, 19

## FEDERAL STATUTES

18 U.S.C. § 924(c)(1)(A) ...................................................3, 6, 7

18 U.S.C. § 2113(a) .................................................... 3, 6, 7

18 U.S.C. § 2113(d) ................................................... 3, 6, 7

18 U.S.C. § 3231 ............................................................. 1

28 U.S.C. § 1291 ............................................................... 1

## FEDERAL RULES

Fed. R. Crim. P. 8(a) ...................................... 8, 12, 13

Fed. R. Crim. P. 8(b) ...................................... 11, 13, 15

Fed. R. Crim. P. 14 .............................................. 8

Fed. R. Crim. P. 14(a) .................................... 16

Federal Rule of Evidence 404(b) ................................ 20

## STATEMENT OF SUBJECT MATTER AND
## APPELLATE JURISDICTION

The United States District Court for the Middle District of
Pennsylvania had subject matter jurisdiction pursuant to 18 U.S.C.
§ 3231. This Court has appellate jurisdiction pursuant to 28 U.S.C.
§ 1291.

The district court entered its judgment in this criminal case on
May 30, 2013, and Green filed his notice of appeal on that same day.[1]
App. 1 & 3.

---

[1]    Green's attorney filed the May 30, 2013 notice. Green himself also
filed a *pro se* notice of appeal on June 5, 2013.

## STATEMENT OF THE ISSUE AND THE STANDARD OF REVIEW

I.    Whether the district court abused its discretion in failing to grant Green's pre-trial motion to sever the counts contained in the indictment and, as a result, caused Green to suffer substantial prejudice at trial.

This Court reviews the joinder of offenses *de novo*. *United States v. Irizarry*, 341 F.3d 273, 287 (3d Cir. 2003). This Court reviews a district court's denial of a motion to sever for abuse of discretion. *United States v. Lore*, 430 F.3d 190, 205 (3d Cir. 2005) (citing *United States v. Urban*, 404 F.3d 754, 775 (3d Cir. 2005)).

## STATEMENT OF THE CASE

*A.    Procedural History*

On January 25, 2012, a grand jury in the Middle District of

Pennsylvania returned a six-count indictment naming as one of the

defendants in two counts the appellant here, Tristan Green. Rec. Doc.

No. 1.[2] Green was charged with one count of armed bank robbery in

violation of 18 U.S.C. §§ 2113(a), 2113(d) and 2, as well as one count of

using a firearm during a crime of violence in violation of 18 U.S.C. §§

924(c)(1)(A). *Id.* Green entered initial pleas of "Not Guilty" on January

30, 2012. Rec. Doc. No. 20.

On August 29, 2012, a superseding indictment issued that again

named Green as one of the defendants. 2 App. 11-20. In this

superseding indictment, Green was charged with three counts of armed

bank robbery in violation of 18 U.S.C. §§ 2113(a), 2113(d) and 2, as well

as three counts of using a firearm during a crime of violence in violation

of 18 U.S.C. §§ 924(c)(1)(A). *Id.* Green entered pleas of "Not Guilty" to

these charges on September 24, 2012. Rec. Doc. No. 83.

---

[2]    For citations to the district court record not contained in the
appendix, the citation form "Rec. Doc. No." will be used, followed by the
appropriate record document number and any relevant pages and/or
exhibits.

On October 17, 2012, Green filed a motion to sever the charges contained in the superseding indictment and seeking separate trials for the three bank robberies that served as a basis for the six counts against him. Rec. Doc. Nos. 94 & 95. The matter was fully briefed, and on December 17, 2012, the district court denied Green's motion for severance. App. 9.

On January 31, 2013, at the close of a four-day criminal trial, Green was found guilty of all six counts leveled against him. Rec. Doc. No. 179. On May 30, 2013, after the preparation of a Pre-Sentence Report and a sentencing hearing, the district court entered a judgment that sentenced Green to, among other things, a total term of incarceration of 1,030 months.

Green filed his notice of appeal on May 30, 2013. App. 1.

B.   *Statement of the Facts*

**1. The Offense Conduct.**

Green's conviction in this case arose out of three separate armed bank robberies that occurred in the Middle District of Pennsylvania between September 20, 2007, and December 6, 2007. PSR ¶¶ 6-11. In the first of these robberies, Green and co-defendant Nijul Alexander

4

robbed the Heritage Valley Credit Union on Kings Mill Road in York, Pennsylvania. PSR ¶ 10. The two men entered the bank with bandanas obscuring the lower half of their faces and brandishing firearms. *Id.* One of the two men pointed his gun at a teller's face and demanded cash, but the tellers were warned not to include bait money. *Id.* After the robbery, both men fled in a vehicle owned by another co-conspirator – Jami Shabazz – and met Shabazz nearby where they switched vehicles with him. *Id.*

The second robbery occurred on November 14, 2007, and this time the target was a Sovereign Bank on Bannister Street in York, Pennsylvania. PSR ¶ 6. Once again, Green and Alexander entered the bank brandishing handguns and obscuring their faces (this time with Halloween masks). *Id.* Once again, the men pointed their weapons directly at bank employees and demanded cash. *Id.* Shortly after Green and Alexander fled the bank in a getaway car driven by co-defendant Jamael Stubbs, dye packs contained in the stolen cash exploded, prompting them to throw the backpacks containing the cash from their vehicle. *Id.* Police were later able to identify where the backpacks were purchased and obtain security video of Green and Stubbs purchasing

them. PSR ¶ 7. After discarding the backpacks, Green and his co-defendants once again met with Shabazz to switch vehicles.

The third robbery occurred on December 6, 2007, at a Sovereign Bank located on South 29th Street in Harrisburg, Pennsylvania. PSR ¶ 11. As with the other two robberies, Green and Alexander entered the bank brandishing firearms. Alexander also carried a bag that he claimed contained a bomb.[3] Also as with the earlier robberies, bank employees were directed at gunpoint to turn over cash. *Id.* Shortly after fleeing the scene, Green and Alexander again met with Shabazz to exchange vehicles. *Id.*

### 2. Green's indictments.

On January 25, 2012, a grand jury in the Middle District of Pennsylvania returned a six-count indictment naming Green as one of the defendants in two of its counts. Rec. Doc. No. 1. Green was charged with one count of armed bank robbery in violation of 18 U.S.C. §§ 2113(a), 2113(d) and 2, as well as one count of using a firearm during a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A). *Id.* Both of these charges arose from Green's involvement in the November 14,

---

[3]     In fact, the bag contained bricks. PSR ¶ 11.

2007, bank robbery. *Id.* Green entered initial pleas of "Not Guilty" on January 30, 2012. Rec. Doc. No. 20.

On August 29, 2012, a superseding indictment returned that again named Green as one of the defendants. 2 App. 11-20. In this superseding indictment, Green was charged with three counts of armed bank robbery in violation of 18 U.S.C. §§ 2113(a), 2113(d) and 2, as well as three counts of using a firearm during a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A). *Id.* Once again, one of each type of count pertained to the November 14, 2007, bank robbery. *Id.* In addition, one of each type of count was leveled for both the September 20, 2007 robbery and the December 6, 2007, robbery. *Id.* Green entered pleas of "Not Guilty" to these charges on September 24, 2012. Rec. Doc. No. 83.

### 3. Green's motion for severance.

While Green would file a number of pre-trial motions, only one is relevant to this appeal – his October 17, 2012, motion to sever the charges contained in the superseding indictment in which he sought separate trials for the three bank robberies. 2 App. 21-25.[4] In support of

---

[4]    Green also sought severance from the final four counts of the ten-count indictment. Since those four counts pertained to other co-

his motion, Green argued that the three robberies were not similar to each other, were not part of the same scheme or plan, and were not a part of the same transaction. As such, they were not properly joined under Fed. R. Crim. P. 8(a). *Id.* Moreover, Green cited to Fed. R. Crim. P. 14 and argued that failure to sever the charges would result in unfair prejudice due to the potential for jurors to cumulate the evidence and confuse the differing facts pertaining to the different robberies. *Id.*

In response, the government argued that, while no conspiracy count was charged, the series of bank robberies were clearly part of a common scheme amongst the same individuals to rob banks, and that Green had failed to meet his burden of establishing clear and substantial prejudice that would result from joint trial of the six counts. 2 App. 26-30.

On December 17, 2012, the district court denied Green's motion for severance, holding that the three robberies were properly joined and that the facts of the charges were sufficiently distinct and discrete to allow a jury to compartmentalize the evidence presented. App. 9.

---

defendants who pleaded guilty prior to trial, that request for severance was ultimately rendered moot.

### 4. Green's trial and sentence.

On January 31, 2013, at the close of a four-day criminal trial, Green was found guilty of all six counts leveled against him. 2 App. 535. On May 30, 2013, after the preparation of a Pre-Sentence Report and a sentencing hearing, the district court entered a judgment that sentenced Green to, among other things, a total term of incarceration of 1,030 months. App. 3

Green filed his notice of appeal on May 30, 2013. App. 1.

## STATEMENT OF RELATED CASES AND PROCEEDINGS

Tristan Green currently has two other appeals pending before this Court. *See* 3d Cir. Case Nos. 13-2056 & 13-2558. Neither pertains to the criminal conviction at issue in this case.

Green's co-defendant in this case, Jamael Stubbs, also has an appeal pending before this Court regarding his conviction. That case is docketed at 13-2638.

# SUMMARY OF ARGUMENT

The charges against Green were properly joined under Fed. R. Crim. P 8(b) as the superseding indictment charged multiple defendants with participating in the same series of acts or transactions that constituted criminal offenses as is required by that rule.

Even if joinder was improper, Green has failed to meet his burden of showing resulting prejudice. This failure also undermines any claim that the district court abused its discretion in denying his motion for severance. Green failed to pinpoint specific prejudice that resulted in an unfair trial, instead relying on speculation and claims that his chances of acquittal would have been better had the counts been severed. That is not enough under this Court's precedent.

Moreover, any danger of prejudice was minimized by the fact that evidence of the three bank robberies at issue could easily be compartmentalized, the district court provided detailed instructions to consider the three robberies separately, and in any event evidence of each robbery would likely have been admissible in each trial.

11

## ARGUMENT

**The district court did not abuse its discretion in denying Green's pre-trial motion to sever the counts contained in the indictment against him and Green suffered no substantial prejudice as a result of that denial.**

In this appeal, Green challenges his convictions for three separate armed bank robberies by asserting that the charges against him were improperly joined, the district court should have severed them for trial, and that he suffered prejudice as a result. Green Br. at 11-17. As a review of the facts demonstrates, however, the three robberies were part of the same series of transaction so as to support joinder, and even on appeal Green fails to support a claim of prejudice arising from that joinder that would have enabled the district court to grant his motion for severance of counts.

### a. *Rule 8 joinder of Green's offenses.*

In seeking to attack the joinder of the charges contained in the superseding indictment, Green bases his arguments on the requirements of Federal Rule of Criminal Procedure 8(a) governing joinder of offenses. *See* Green Br. at 11. At first blush this is reasonable as it is the joinder of offenses he complains of. This Court has previously

held, however, that Fed. R. Crim. P. 8(a) only applies to prosecutions involving a single defendant. *United States v. Irizarry*, 341 F.3d 273, 287 (3d Cir. 2003) (quoting *United States v. Somers*, 496 F.2d 723, 729 n. 8 (3d Cir. 1974). Where, as here, the indictment, prosecution, and eventual trial involved multiple defendants, the tests for joinder of counts and defendants are merged in Rule 8(b). *Id.*

Fed. R. Crim. P. 8(b) sets forth the following:

**(b) Joinder of Defendants.** The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8

In light of the above, then, the simple test before the Court in analyzing the joinder of charges in this case is whether Green was alleged to have participated in the same series of illegal acts or transactions as his co-defendants. In applying this test, Rule 8 is to be broadly construed and joinder is favored because it promotes judicial economy. *United States v. Gorecki*, 813 F.2d 40, 42 (3d Cir.1987); *see also United States v. Sandini*, 888 F.2d 300, 305 (3d Cir.1989); *United States v. Dominguez*, 226 F.3d 1235, 1238 (11th Cir.2000).

13

In each of the six counts for which Green was ultimately convicted, the same four defendants were named. 2 App. 11-16. These six counts arose out of three bank robberies conducted within a three-month time period, within a radius of less than 30 miles, and all of which included the use of firearms by the defendants. *Id.* Also, each count expressly asserted co-conspirator liability as to each defendant under the Supreme Court's decision in *Pinkerton v. United States*, 328 U.S. 640 (1946). *Id.*

The evidence ultimately introduced at trial and reported in the Pre-Sentence Report, while admittedly not the focus of an inquiry into proper joinder, only further undermines Green's attempts to characterize these crimes as dissimilar and unrelated. In each of the robberies, Green and co-defendant Nijul Alexander entered the banks with (on at least two occasions) faces partially obscured, brandished firearms, pointed them at bank employees, demanded cash, and then left the bank to rendezvous with another co-defendant, Jami Shabazz, to swap getaway vehicles. PSR ¶¶ 6-10. Given all of the above, it is unclear how Green could support a claim that he did not participate in

the same series of illegal acts or transactions as his co-defendants, such that the requirements of Fed. R. Crim. P. 8(b) were not met.[5]

Of course, even if the charges against Green *were* improperly joined, that is not the end of the analysis. If this Court determines that improper joinder occurred, it must then undertake a harmless error analysis to determine if any prejudice resulted. *Irizarry*, 341 F.3d at 287. As the alleged prejudice resulting from a joint trial of offenses is also at the very heart of any Rule 14 severance argument, Green's failure to demonstrate prejudice will be more fully discussed in the following section.

---

[5]    In *Irizarry*, this Court did note that it had previously left the door open for possible use of the Rule 8(a) test even in multi-defendant cases where only joinder of offenses was at issue. *See Irizarry*, 341 F.3d at 287 n.4. Even were this Court to do so now, however, it is hard to see how that would help Green. That rule allows joinder for acts of similar character or ones that are parts of a common scheme or plan. Similarities along the same lines as those detailed above have been enough to support Rule 8(a) joinder in other cases brought before this Court. *See United States v. Shaw*, 476 Fed. App'x. 970, 971-73 (3d Cir. 2012) (non-precedential) ("The robberies occurred over a five-month period in the same neighborhood near Shaw's residence, and all three robberies involved one robber who demanded money from his victim while holding the victim at gunpoint with a small revolver."); *United States v. Torres*, 251 Fed. App'x. 763 (3d Cir. 2007) (non-Precedential) ("[T]he crimes did not differ so greatly in nature that one was more likely to arouse hostility than another. Although some of the crimes involved injury to others, all the counts arose from gunpoint robberies.").

### b. *Rule 14 severance of Green's offenses.*

On appeal, Green also alleges that the district court erred and abused its discretion when it denied his motion to sever the charges leveled against him in the superseding indictment. Green Br. at 16-17. Federal Rule of Criminal Procedure 14(a) allows a district court to order separate trials of counts, but only if the joinder of offenses of defendants in an indictment "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a).

Pre-trial, a motion for severance is granted at the district court's discretion since it is in the best position to balance the possible prejudice of a joint trial against the concerns of judicial economy, and should only be granted if a defendant can demonstrate that there is a serious risk that one of his specific trial rights would be compromised. *See Zafiro v. United States*, 506 U.S. 534, 538-539 (1993); *United States v. Reicherter,* 647 F.2d 397, 400 (3d Cir.1981). Where, as here, the defendant is challenging the denial of a motion for severance on appeal, the bar is raised even higher. Before this Court, the defendant must pinpoint 'clear and substantial prejudice' resulting in an unfair trial." *United States v. McGlory,* 968 F.2d 309, 340 (3d Cir.1992) (quoting

*United States v. Eufrasio,* 935 F.2d 553, 568 (3d Cir.1991)). This Green cannot do.

In arguing that he suffered substantial prejudice, Green advances two theories. First, he claims that the failure to sever allowed the government to try its strongest evidentiary case along with its other two weaker cases. Green Br. at 16. Such a claim is simply an argument that his chances of acquittal in the "weaker" cases would have been better had severance been granted. This Court has expressly rejected such an argument as being insufficient to show reversible prejudice. *United States v. McGlory,* 968 F.2d 309, 340 (3d Cir. 1992) (citing *United States v. Hayes,* 861 F.2d 1225, 1231-1232 (10th Cir. 1988) ("It is not enough to show that severance would have increased the defendant's chances of acquittal.")

Second, Green claims that since evidence regarding one robbery served to corroborate the testimony of two of Green's co-conspirators who testified against him, jurors may have been relieved of concern over their credibility as to the other two robberies. Green Br. at 17. In addition to being a purely speculative argument about what jurors *may* have felt, this Court has previously held (albeit in an unpublished

17

opinion) that defense arguments regarding credibility issues are nothing more than claims that they would have had a better chance of acquittal in separate trials. *See United States v. Heilman*, 377 Fed. App'x 157, 200 (3d Cir. 2010) (non-precedential). As was discussed above, that is simply not enough.

Green's attempts to demonstrate substantial prejudice by virtue of the joint trial of the charges in the superseding indictment are further undermined by the nature of those charges and the instruction provided by the district court. As this Court stated in *United States v. Reicherter*, 647 F.2d 397 (3d Cir. 1981), "[o]f primary concern in considering a motion for severance is whether the jury can reasonably be expected to compartmentalize the evidence, as it relates to each count." *Id.* at 400. (quoting *United States v. DeLarosa,* 450 F.2d 1057, 1065 (3d Cir.1971)).

This case was not complicated. It involved only three armed bank robberies, and the jurors could easily compartmentalize the evidence by the dates and locations of those robberies. This Court has previously upheld a jury's ability to consider multiple charges in much more complex cases than this one. *See, e.g., United States v. Thomas*, 610

18

F.2d 1166 (3d Cir.1979) (holding severance unnecessary in a case involving 31 bank fraud charges).

Furthermore, the district court in this case explicitly instructed the jury to consider the evidence as to each charge separately, explaining that:

> Mr. Green and [co-defendant] Mr. Stubbs are each charged with more than one offense. Each offense is charged in a separate count of the indictment. The number of offenses charged is not evidence of guilt and this should not influence your decision in any way. You must separately consider the evidence that relates to each offense and you must return a separate verdict for each offense. For each offense charged you must decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of that particular offense. Your decision on one offense, whether guilty or not guilty, should not influence your decision on any of the other offenses charged.

> Each offense should be considered separately.

2 App. 518-519.

Juries are presumed to follow their instructions. *Zafiro,* 506 U.S. at 540 (quoting *Richardson v. Marsh,* 481 U.S. 200, 211 (1987)). As a result this Court regards such instructions as "persuasive evidence that refusals to sever did not prejudice the defendant." *United States v. Walker,* 657 F.3d 160, 171 (3d Cir.2011) (quoting *United States v. Lore,* 430 F.3d 190, 206 (3d Cir.2005)).

Finally, and despite Green's attempts to argue to the contrary, it is likely that, even were Green tried separately for all three robberies, evidence of each would have been admissible in each trial under Federal Rule of Evidence 404(b). At the very least, evidence of Green's participation in each robbery could have been used to demonstrate his knowledge of the planned use of firearms and intent to do so. In addition, the similarities in the preparation, planning and execution of each robbery (to include actions following the robbery) would have establish a common *modus operandi* of the co-defendants such that it would aid in identifying Green's involvement in each robbery. None of the above relies upon impermissible "propensity evidence" but rather speaks to one or more of the expressly permitted uses for evidence of prior bad acts.

In short, Green has failed to meet his burden of pin-pointing 'clear and substantial prejudice' that resulted in an unfair trial, and thus his argument that the charges against him were improperly joined and that the district court erred in failing to sever them must fail.

## CONCLUSION

For all these reasons, the United States of America respectfully requests that this Honorable Court affirm the judgment and sentence of the district court.

PETER J. SMITH
United States Attorney


STEPHEN R. CERUTTI II
Assistant United States Attorney
Chief, Criminal Appeals
United States Attorney's Office
Middle District of Pennsylvania
Ronald Reagan Federal Building
Suite 220
228 Walnut Street
Harrisburg, Pennsylvania  17108
717-221-4482

## CERTIFICATE OF COUNSEL

I, Stephen R. Cerutti, certify that I am a member of the Bar of the United States Court of Appeals for the Third Circuit.

/s/ Stephen R. Cerutti II
STEPHEN R. CERUTTI II
Assistant U.S. Attorney

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief consists of 3,703 words and does not exceed the 14,000 word limit.

/s/ Stephen R. Cerutti II
STEPHEN R. CERUTTI II
Assistant U.S. Attorney

## IDENTICAL PDF & HARD COPY CERTIFICATE

The undersigned hereby certifies that the PDF file and Hard Copies of this brief are identical.

/s/ Stephen R. Cerutti II
STEPHEN R. CERUTTI II
Assistant U.S. Attorney

## VIRUS SCAN CERTIFICATE

This e-mail and the attached brief has been automatically scanned during preparation and upon sending by the following virus detection programs: OfficeProtect/Inoculan, ScanMail, and Viruswall, and no viruses were detected.

/s/ Stephen R. Cerutti II
STEPHEN R. CERUTTI II
Assistant U.S. Attorney

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 13-2546 |
| | ) | |
| Appellee | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TRISTAN GREEN | ) | |
| | ) | |
| Appellant | ) | |

## CERTIFICATE OF SERVICE

The undersigned certifies that she has this date, **September 23, 2013,** served two copies of the foregoing **Brief of Appellee** by first class mail postage prepaid as follows:

John A. Abom, Esquire
ABOM & KUTULAKIS, LLP
2 West High Street
Carlisle, PA 17013

/s/ Cindy J. Long
CINDY J. LONG
Legal Assistant